**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | § Chapter 11 |
| 5630 Chestnut OZB LLC, | § Case No. 25-10175-PMM |
| Debtor. | § |

**MOTION FOR EXPEDITED CONSIDERATION OF MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR FAILURE TO MAINTAIN INSURANCE**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion to Shorten") for entry of an order, pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and L.B.R. 5070-1, expediting consideration of the *Motion Of The United States Trustee To Dismiss Debtor's Case Or Convert To Chapter 7 For Failure To Maintain Insurance* (Docket No. 25) (the "Motion").[1] In support of this Motion to Shorten, the U.S. Trustee states as follows:

**BACKGROUND AND FACTS**

1. On January 15, 2025 (the "Petition Date"), 5630 Chestnut OZB LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2. The *United States Trustee's Operating Guidelines* (the "UST Guidelines") identify and explain the requirements imposed on the Debtor,

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

including the obligation to maintain insurance and provide proof thereof to the U.S. Trustee within 15 days of a petition date.

3. The Debtor was provided a copy of the UST Guidelines on January 17, 2025. The UST Guidelines, and specifically the requirement to maintain insurance and provide proof of same to the U.S. Trustee, was discussed at the initial debtor interview conducted by the U.S. Trustee in this case.

4. As of the date hereof, the Debtor has not provided any proof of insurance to the U.S. Trustee for which the Debtor or its estate is listed as the beneficiary of the insurance policy.

5. On February 7, 2025, the U.S. Trustee filed the Motion, pursuant to which the U.S. Trustee seeks entry of an order dismissing the Debtor's case or converting the case to chapter 7 due to the Debtor's failure to maintain insurance.

### **RELIEF REQUESTED**

6. The U.S. Trustee seeks expedited consideration of the Motion pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure and L.B.R. 5070-1.

7. The bankruptcy estate may be exposed to risk every day if the Debtor does not hold appropriate insurance, and the Debtor has failed to provide proof of insurance of estate assets by a policy for which the Debtor or its estate is the beneficiary thereof. Because estate assets may be at risk, the Motion must be resolved as expeditiously as possible.

8. Pursuant to Local Bankruptcy Rule 5070-1(g), the undersigned has communicated with the parties in interest, namely proposed counsel for the Debtor.

Counsel to the Debtor has scheduling conflicts at the end of this week.  The Debtor does not oppose scheduling of a hearing the week of February 17th and the U.S. Trustee therefore requests same.

9. Pursuant to L.B.R. 9014-2(a)(15), the Court may rule on this Motion to Shorten without the need for a hearing, and the U.S. Trustee requests that the Motion to Shorten be granted without further hearing.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court conduct a hearing on the Motion as expeditiously as possible and grant such other and further relief as the Court deems just and proper.

Dated: February 10, 2025          Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
John.Schanne@usdoj.gov

3