## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| 5630 Chestnut OZB LLC, | § | Case No.  25-10175-PMM |
| | § | |
| Debtor. | § | |
| | § | |

### MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE FOR FAILURE TO FILE VERIFIED PETITIONS, SCHEDULES, AND STATEMENTS

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case.  In support of this Motion, the U.S. Trustee states as follows:

### JURISDICTION

1.     Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2.     Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir.

1

1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C.

§ 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500

(6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").  Under 11 U.S.C.

§ 307, the U.S. Trustee has standing to be heard on the Motion.  *Id.*

3.      The U.S. Trustee consents to the entry of a final order or judgment by

the court if it is determined that the court, absent consent of the parties, cannot

enter a final order or judgment consistent with Article III of the United States

Constitution.  *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

4.      On January 15, 2025 (the "Petition Date"), 5630 Chestnut OZB LLC

(the "Debtor") filed a voluntary petition (Docket No. 1) (the "Petition") for relief

under chapter 11 of the Bankruptcy Code.

5.      The Petition is not signed by an authorized representative of the

Debtor.  *See,* Docket No. 1, p. 4 of 26.

6.      The Debtor's *Schedules of Assets and Liabilities* (the "Schedules") and

*Statement of Financial Affairs* ("Statements") were also filed with the Petition.  *See,*

Docket No. 1.

7.      The Schedules are not signed by an authorized representative of the

Debtor.  *See,* Docket No. 1, p. 5 of 26.

8.      The Statements are not signed by an authorized representative of the

Debtor.  *See,* Docket No. 1, p. 21 of 26.

2

9.      The *List of Equity Security Holders* is <u>not</u> signed by an authorized representative of the Debtor.  *See,* Docket No. 1, p. 22 of 26.

10.     The *Verification of Creditor Matrix* is <u>not</u> signed by an authorized representative of the Debtor.  *See,* Docket No. 1, p. 24 of 26.

## <u>RELIEF REQUESTED</u>

11.     Through this Motion, the U.S. Trustee seeks entry of an order dismissing the Debtor's case.

12.     The Debtor's failure to file an executed petition and failure to timely submitted executed schedules and statements is a violation of Bankruptcy Code section 1112(b) and provides sufficient "cause" for dismissal as requested in this Motion.

13.     Absent unusual circumstances, the Bankruptcy Court *shall* convert or dismiss a case for cause, taking into consideration the "best interests of the creditors and the estate."  11 U.S.C. § 1112(b)(1); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012).  Bankruptcy Code section 1112 does not explicitly define "cause."  Subsection (b)(4) sets out a non-exclusive list of grounds that constitute cause for purposes of either converting or dismissing a chapter 11 case, "whichever is in the best interests of creditors and the estate."  11 U.S.C. § 1112(b)(1).

14.     Once the Bankruptcy Court finds cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that dismissal

or conversion would not be in the best interests of the estate and the creditors.

11 U.S.C. § 1112(b)(2); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013).

15.   The Bankruptcy Court has considerable discretion in determining

whether to dismiss a case or rather to convert a case to Chapter 7. *In re SGL*

*Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

16.   A debtor commences its bankruptcy case by filing its bankruptcy

petition.  11 U.S. Code § 301.  A debtor is required to, among other things, file a

schedule of assets and liabilities and a statement of the debtor's financial affairs.

11 U.S. Code § 521(a)(1)(B)(i) and (iii).  The schedule of assets and liabilities and

statement of financial affairs are required to be filed with the petition or within 14

days thereafter.  *See* Bankruptcy Rule 1007.

17.   The petition, schedule of assets and liabilities, and statement of the

debtor's financial affairs are all required to be signed under penalty of perjury. *See*

Bankruptcy Rule 1008.   ("All petitions, lists, schedules, statements and

amendments thereto shall be verified or contain an unsworn declaration as

provided in 28 U.S.C. §1746.").

18.   Accordingly, a petition signed under penalty of perjury is required to

initiate a bankruptcy case.  Within 14 days of the petition, the debtor is required to

file schedules and statements also executed under penalty of perjury.

19.   "What is critical is that petitions, lists, schedules, statements, and

amendments require verifications or unsworn declarations executed by the debtor.

They cannot be filed without that signature.  Without that simple step, there can be

4

no assurance that the factual allegations contained within those documents are true and correct. A debtor's lawyer cannot endorse those documents for the debtor." *In re Klitsch*, 587 B.R. 287, 292 (Bankr. M.D. Pa. 2018) (internal citations omitted).

20.     The Local Bankruptcy Rules also make clear that these documents must be signed with wet signatures by the Debtor. *See* Local Rule 5005-7(b)(2)(A) ("All documents, including petitions, lists, schedules, statements and amendments thereto that are required to be verified under Fed. R. Bankr. P. 1008 or contain an unsworn declaration as provided in 28 U.S.C. § 1746, and all writings, affidavits or pleadings in which a debtor or third party who is not a CM/ECF Filing User verifies, certifies, affirms or swears under oath or penalty of perjury the truth of matters set forth in that document must be physically signed by the debtor or third party.").

21.     Cause, as defined in section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." 11 U.S.C. § 1112(b)(4)(F). The Debtor has failed to timely file an executed petition, statements, and schedules. The Debtor's failure to do so constitutes cause to dismiss this case under Bankruptcy Code section 1112(b)(4)(C). Conversion would be improper here as the same filing deficiencies would be cause for dismissal of a chapter 7 case, and thus the U.S. Trustee requests dismissal of the Debtor's case. *See e.g.* 11 U.S. Code § 707(a)(3).

Case 25-10175-pmm    Doc 40    Filed 02/19/25    Entered 02/19/25 11:16:06    Desc Main
Document    Page 6 of 6

**WHEREFORE,** the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: February 19, 2025       Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *John Schanne*
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
John.Schanne@usdoj.gov