# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>5630 Chestnut OZB LLC,<br><br>Debtor(s). | Chapter 11<br><br>Case No. 25-10175-pmm |

### FARRAH ALIMAM'S MOTION: (I) TO DISMISS; OR ALTERNATIVELY (II) FOR RELIEF FROM THE AUTOMATIC STAY

Farrah Alimam ("**Farrah**"), by and through her counsel, Kasen & Kasen P.C., hereby submits this motion (the "**Motion**") for entry of an Order dismissing the above-referenced debtor's (the "**Debtor**") chapter 11 bankruptcy case pursuant to section 1112 of the United States Code (the "**Bankruptcy Code**"); or, alternatively, granting relief from the automatic stay, pursuant to Bankruptcy Code section 362(d)(1). As set forth below, the Debtor's filing is unauthorized, lacks good faith, and serves no legitimate bankruptcy purpose. The filing was made solely to obstruct pending state court litigation and frustrate the Family Court Receiver's liquidation process. Accordingly, dismissal is warranted, or in the alternative, stay relief should be granted to permit the Family Court proceeding to move forward. In support of this Motion, Farrah respectfully avers as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. The statutory predicates for the relief requested herein are sections 1112 and 362(d)(1) of the Bankruptcy Code.

5. In accordance with L.B.R. 9014-2, Farrah hereby consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

## FACTUAL BACKGROUND

**A.    General Background**

6. By way of background, Farrah is the spouse of Dr. Haytham Albizem ("**Haytham**").

7. On June 16, 2022, Farrah commenced a divorce proceeding against Haytham in the Court of Common Pleas of Bucks County, Pennsylvania, Family Court Division (the "**Family Court**") entitled *Farrah Alimam Albizem v. Haytham Albizem* - docket no. A06-22-61011-D.

8. In the divorce proceeding, the net marital estate has been preliminarily calculated to be many millions of dollars[1], comprised primarily of valuable business interests, business assets, and real estate with significant equity.

9. On September 20, 2024, the Family Court arbitrator entered a directive to appoint a liquidator for the liquidation/receivership of a number of Haytham owned and controlled entities, including, but not limited to the following:

    i. Chestnut Med LP – owns 5600 Chestnut Street property
    ii. 5630 Chestnut OZB LLC – owns 5630 Chestnut Street property
    iii. Heart Care Consultants, LLC – healthcare business
    iv. Elena Annopolsky MD PC– healthcare business
    v. Primary Health, LLC– healthcare business

---

[1] All rights reserved.

2

      vi. Wissiming Medical Associates, LLC – healthcare business
     vii. Pulmonary and Internal Medicine Associates PC– healthcare business
    viii. Premier Medicine and Wellness, LLC– healthcare business
     ix. Primary Health NJ LLC– healthcare business

See directive attached hereto marked as **<u>Exhibit A</u>**.

**B.    The Bankruptcy Filings – Made on the Eve of Liquidation by Family Court Receiver**

10.    After the Family Court issued a directive for liquidation, Haytham improperly and strategically filed multiple bankruptcy cases for entities that he owns and control solely to delay and obstruct the Receiver's court-ordered liquidation process. These filings constitute classic bad faith attempts to use the bankruptcy system as a litigation tactic, rather than for legitimate reorganization or liquidation purposes

11.    Specifically, Haytham filed two (2) chapter 11 cases in the Eastern District of Pennsylvania– one for Chestnut Med LP and one for 5630 Chestnut OZB LLC.

12.    These two chapter 11 entities have very valuable real estate holdings that the family court receiver is ready and prepared to liquidate as per the Family Court's September 20, 2024 directive.

13.    Haytham also filed eight (8) other chapter 7 cases for Heart Care Consultants, LLC, Elena Annopolsky MD PC, Primary Health, LLC, Wissiming Medical Associates, LLC, Pulmonary and Internal Medicine Associates PC, Premier Medicine and Wellness, LLC, Primary Health NJ LLC, and Hamilton Heart & Vascular Care LLC.

14.    Four (4) of these chapter 7 cases were filed in the Eastern District of Pennsylvania. The other four (4) were filed in the District of New Jersey.

3

**C.    The Petitions, Schedules, SOFAs and Other Filings Are Not Signed**

15.    None of the six bankruptcy cases filed in the Eastern District of Pennsylvania included properly signed petitions, schedules, or statements of financial affairs, in direct violation of Bankruptcy Rule 1008 and Local Rule 1007-1.

16.    Multiple requests for compliance were ignored by the Debtors and Debtors' counsel, further evidencing gross mismanagement and bad faith.

17.    Only after the US Trustee filed motions to dismiss for failure to sign did the Debtors file signed signature pages for Chestnut Med LP and 5630 Chestnut OZB LLC.

18.    To date, none of the other Debtors with cases filed in the Eastern District of Pennsylvania have filed signed signature pages.

**D.    Chestnut Med LP has no General Partners – its Bankruptcy Filing was Unauthorized**

19.    According to Chestnut Med LP's 2023 K-1s, Chestnut Med LP has no general partners.  See Chestnut Med LP's 2023 K-1s attached hereto marked as **Exhibit B**.

20.    Specifically, the K-1s state that the partnership is comprised of three (3) limited partners: (i) Haytham – a limited partner who owns 49.5%; (ii) Farrah – a limited partner who owns 49.5% ; and (iii) Chestnut Cardiac LLC – a limited partner who owns 1%.

21.    On January 17, 2025, Chestnut Med LP filed a false Resolution stating that the bankruptcy filing was authorized by the partnership.  *See* False Partnership Resolution [D.I. 9] attached hereto marked as **Exhibit C**.

22.    Under Pennsylvania limited partnership law, "A limited partner is not an agent of a limited partnership solely by reason of being a limited partner." 15 Pa.C.S. § 8632; *see also* 15 Pa.C.S. § 8632 Committee Comments (2016) ("A limited partner is analogous to a shareholder in

4

a corporation in that, in each case, status as an owner provides neither the right to manage nor a reasonable appearance of that right.")

**E.  Chestnut Med LP and 5630 Chestnut OZB LLC have no Operations, no Employees, no Cash, and no Income – They are Single Asset Real Estate Holding Companies**

23. Upon information and belief, Chestnut Med LP and 5630 Chestnut OZB LLC have no operations, no employees, no cash and no income.

24. They are single asset real estate holding companies.

25. Chestnut Med LP owns a very valuable commercial property located at 5600 Chestnut Street, Philadelphia, PA 19139.

26. Chestnut OZB LLC owns a very valuable commercial property located at 5630 Chestnut Street, Philadelphia, PA 19139.

**F.  Chestnut Med LP and 5630 Chestnut OZB LLC are Not Paying Their Post-Petition Mortgage Obligations or Adequate Protection to Secured Creditors**

27. Upon information and belief, Chestnut Med LP and 5630 Chestnut OZB LLC are not paying their post-petition mortgage obligations or adequate protection to secured creditors.

**G.  Chestnut Med LP and 5630 Chestnut OZB LLC are Not Taking any of the Necessary Steps to Sell the Real Estate and These Bankruptcy Cases Have no Valid Purpose**

28. On January 31, 2025, Debtors' counsel said that the two chapter 11 cases (5630 Chestnut OZB LLC and Chestnut Med LP) were filed for the sole purpose of Haytham having control over the sale of the two pieces of real estate (5600 Chestnut Street and 5630 Chestnut Street properties) instead of the receiver who was appointed by the Family Court in the divorce proceeding.

29. Debtors' counsel said that a realtor would be retained and an application for retention filed with the Bankruptcy Court by the end of the following week (February 7, 2025).

5

30. And, Debtors' counsel said that these properties would be sold pursuant to §363 sale motions.

31. To date, however, the Debtors have failed to retain a realtor or take any other of the necessary steps to sell the properties through §363 sale motions.

32. And, when the purpose of these bankruptcy filings were questioned, Debtors' counsel gave zero explanation or evidence that these cases were filed for a valid purpose. *See* February 11, 2025 email exchange between counsel attached hereto marked as **Exhibit D**.

H. **Chestnut Med LP and 5630 Chestnut OZB LLC have None/Few Unsecured Creditors**

33. Chestnut Med LP's schedule E/F shows that it has no unsecured creditors.

34. 5630 Chestnut OZB LLC's schedule E/F shows that it has few unsecured creditors.

I. **The Numerous and Substantive False Statements in the Petitions, Schedules, SOFAs and Other Filings**

35. There are numerous and substantive false statements in the petitions, schedules and SOFAs, including undisclosed assets, financial information, and questionable financial transactions, including approximately many millions of dollars of transfers to or for the benefit of Dr. Albizem and other insiders.

36. Some, examples of the Debtor's false representations to this Court are summarized as follows:

   a. Chestnut Med LP's schedule A/B falsely states that its real estate located at 5600 Chestnut Street, Philadelphia, PA has a value of $0.00.

   b. Chestnut Med LP's Disclosure of Compensation of Attorneys for Debtor(s) [D.I. 1] falsely states that the Debtor's counsel received $0.00 and agreed to render services for $0.00. *Contra*. D.I. 33.

6

    c. Chestnut Med LP's SOFA # 11 falsely states that the Debtor paid nothing to anyone in the last year for bankruptcy services. *Contra*. D.I. 33.

    d. 5630 Chestnut OZB LLC's Disclosure of Compensation of Attorneys for Debtor(s) [D.I. 1] falsely states that the Debtor's counsel received $0.00 and agreed to render services for $0.00. *Contra*. D.I. 33.

    e. 5630 Chestnut OZB LLC's SOFA # 11 falsely states that the Debtor paid nothing to anyone in the last year for bankruptcy services. *Contra*. D.I. 33.

**J. The Debtors are Being Grossly Mismanaged, and These Cases Were Filed for an Improper Purpose – to Indefinitely Stay and Frustrate the Family Court Receiver's Liquidation of Assets**

37. Haytham owes Farrah significant support and equitable distribution.

38. He is using these unauthorized bad faith bankruptcy filings solely for an improper purpose –in efforts to frustrate the family court proceeding, and more specifically valuation of the businesses and assets, and the receivership/liquidation thereof.

## LEGAL DISCUSSION

39. For the reasons set forth below, Farrah seeks the entry of an Order dismissing the above-captioned chapter 11 case, or alternatively, terminating/modifying the automatic stay.

**I. Overview of Section 1112(b) of the Bankruptcy Code.**

40. Section 1112(b) of the Bankruptcy Code provides, in pertinent part, that:

> On request of a party in interest, and after notice and a hearing, the court <u>shall</u> convert a case under this chapter to a case under chapter 7 <u>or dismiss a case under this chapter</u>, whichever is in the best interests of creditors and the estate, for cause….

11 U.S.C. § 1112(b) (<u>emphasis added</u>).

41. Section 1112(b)(4) contains a non-exclusive list of scenarios that constitute "for cause."

42. The list includes –

> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;

7

>> (B) gross mismanagement of the estate;
> …
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter [11 USCS §§ 1101 et seq.];
> …

11 USCS § 1112(b)(4).

43. Also, although not explicitly within the statutory scheme, courts have interpreted the "for cause" provision in section 1112(b) to include filings made in bad faith. *Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154 (3d Cir. 1999); *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108 (3d Cir. 2004); *In re Am. Capital Equip., LLC*, 296 Fed. Appx. 270 (3d Cir. 2008).

44. Chapter 11 vests petitioners with considerable powers--the automatic stay, the exclusive right to propose a reorganization plan, the discharge of debts, etc.--that can impose significant hardship on particular creditors and interested parties. Debtors should not be given those powers if their motives are inconsistent with the goals of bankruptcy. See, *Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154 (3d Cir. 1999).

45. A good faith inquiry is a "fact intensive" examination of the "totality of the circumstances" to determine "where a petition falls along the spectrum ranging from the clearly acceptable to the patently abusive." *Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154 (3d Cir. 1999); *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108 (3d Cir. 2004); *15375 Memorial Corp. v. BEPCO, LP (In re 15375 Mem'l Corp.)*, 589 F.3d 605 (3d Cir. 2009).

46. When a debtor's good faith is called into question, the debtor bears the burden of showing that its filing was made in good faith. *In re Tamecki, 229 F.3d 205, 207 (3d Cir. 2000)*;

8

*NMSBPCSLDHB LP v. Integrated Telecom Express Inc. (In re Integrated Telecom Express Inc.)*, 384 F.3d 108, 118 (3d Cir. 2004).

47. The Third Circuit has identified two essential elements for a good faith bankruptcy filing. First, the bankruptcy petition must serve a valid bankruptcy purpose by preserving a going concern value or value that would otherwise be lost outside of bankruptcy. And second, the bankruptcy cannot be filed merely to obtain tactical litigation advantage. *Official Comm. of Unsecured Creditors v. Nucor Corp. (In re SGL Carbon Corp.)*, 200 F.3d 154 (3d Cir. 1999); *NMSBPCSLDHB, L.P. v. Integrated Telecom Express, Inc. (In re Integrated Telecom Express, Inc.)*, 384 F.3d 108 (3d Cir. 2004); *15375 Memorial Corp. v. BEPCO, LP (In re 15375 Mem'l Corp.)*, 589 F.3d 605 (3d Cir. 2009).

48. Additionally, courts within the Third Circuit have also considered the following factors (collectively referred to as the "**Primestone Factors**"): "a. Single asset case; b. Few unsecured creditors; c. No ongoing business or employees; d. Petition filed on eve of foreclosure; e. Two party dispute which can be resolved in pending state court action; f. No cash or income; g. No pressure from non-moving creditors; h. Previous bankruptcy petition; i. Prepetition conduct was improper; j. No possibility of reorganization; k. Debtor formed immediately prepetition; l. Debtor filed solely to create automatic stay; and m. Subjective intent of the debtor." *See Primestone Inv. Partners L.P. v. Vornado PS, L.L.C. (In re Primestone Inv. Partners L.P.)*, 272 B.R. 554, 557 (D. Del. 2002).

49. Here, these filings bear all hallmarks of an impermissible litigation tactic. As detailed above, there is more than sufficient cause to dismiss these bankruptcy cases. The bankruptcies were filed on the eve of liquidation by the Family Court Receiver. The petitions, schedules, SOFAs and other filings are not signed. Chestnut Med LP has no general partners and

9

its bankruptcy filing was unauthorized. Chestnut Med LP and 5630 Chestnut OZB LLC have no operations, no employees, no cash, and no income. They are single asset real estate holding companies. They are not paying their post-petition mortgage obligations or adequate protection to secured creditors. They are not taking any of the necessary steps to sell the real estate. They have few unsecured creditors. There are numerous and substantive false statements in the petitions, schedules, SOFAs and other filings. Haytham owes Farrah significant support and equitable distribution. The debtors are being grossly mismanaged, and these cases were filed for an improper purpose – to indefinitely stay and frustrate the Family Court Receiver's Liquidation of Assets.

## CONCLUSION

For the foregoing reasons, this bankruptcy case must be dismissed with prejudice as an abuse of the bankruptcy process. Alternatively, the automatic stay should be lifted immediately to allow the Family Court to proceed with the court-ordered liquidation. These bankruptcy filings do not serve a valid bankruptcy purpose, and were filed merely to obtain tactical litigation advantage. Under the totality of the circumstances and consideration of the *Primestone* factors, dismissal for cause is warranted.

## RESERVATION OF RIGHTS

50. Farrah submits that this Motion does not present novel issues of law requiring the citation to any authority other than the authority cited herein.

51. Farrah reserves her rights, however, to submit a supplemental memorandum of law with respect to this Motion in the event that opposition is received.

52. Farrah also reserves her rights to conduct discovery in connection with this Motion, and therefore also reserves her rights to raise additional factual arguments at the hearing thereon.

## CONCLUSION

53. In accordance with the foregoing, Farrah respectfully requests entry of an Order granting the relief requested herein and such other and further relief as this Bankruptcy Court deems just and proper.

Respectfully submitted,

Dated: February 21, 2025

KASEN & KASEN, P.C.

*/s/ Jenny R. Kasen*
Jenny R. Kasen, Esq. (PA Bar No. 309108)
Society Hill Office Park, Suite 3
1874 E. Marlton Pike
Cherry Hill, New Jersey 08003
Telephone: (856) 424-4144
Facsimile: (856) 424-7565
E-Mail: jkasen@kasenlaw.com

*Counsel to Farrah Alimam*